UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE KOZOUREK,<br><br>  Plaintiff,<br><br>  v.<br><br>INTERCALL, INC,<br><br>  Defendant. | Case No.  12-cv-03967-JST<br><br>**ORDER DENYING STIPULATION FOR ORDER CHANGING TIME**<br><br>Re: Dkt. No. 42 |

Now before the Court is the parties' "Stipulation and Proposed Order Changing Time." The Court will decline to enter the requested order.

The parties' stipulation states that this Court's February 11, 2013 Order vacating the October 7, 2013 trial date rendered the Case Management Order deadlines inapplicable. That is incorrect. The deadlines are not "inapplicable." ECF No. 42 at 2:15. In its Reassignment Order, ECF No. 36, the Court vacated all law and motion hearing dates, the pretrial conference date, and the trial date, but explicitly maintained "[a]ll discovery cutoff dates and other deadlines associated with this case, such as disclosure and expert deadlines."

In their Case Management Statement dated February 26, 2013, the parties acknowledged these deadlines and the possibility that they may need to undertake further discovery if their mediation was not successful. They stated, "The parties have exchanged limited written discovery. The parties are mediating this matter on February 27, 2013. If the mediation is not successful, the parties have agreed to exchange broader discovery responses and documents by March 21, 2013. The non-expert discovery cut-off date is June 28, 2013 and expert discovery cut-off is August 2, 2013."

June 28 is almost sixty days from today's date, and is four months from the date the Case

Management Statement was filed. On these facts, the Court does not find good cause to change any of the deadlines set forth in the November 30, 2012 Case Management Order, ECF No. 33, other than the previously-vacated pretrial and trial dates.

The Court looks forward to setting a trial date on July 10, 2013. In that regard, the Court notes that the purpose of its February 11, 2013 Order was not to enlarge the deadlines of the cases reassigned to this Court, but to give the Court the flexibility to set particular trial and pre-trial dates as necessary, given that cases were reassigned from numerous other judges. The Court's schedule permitting, the Court anticipates reinstating the trial date in Judge Alsup's prior order, absent a showing of good cause.

**IT IS SO ORDERED**.

Dated: May 1, 2013

_____
JON S. TIGAR
United States District Judge

2